<u>UNITED STATES DISTRICT COURT</u>
for the MIDDLE DISTRICT of ALABAMA

QUINCETTA Y. CARGILL

   Plaintiff

2:21-cv-00144-WHA-SRW

V.

ALABAMA DEPARTMENT of
CORRECTIONS,
COMMISIONER JEFF DUNN,
WARDEN WRIGHT D.
LIEUTENANT BALDWIN T.
SERGEANT BROWN T.

42 U.S.C. §§ 1985 CONSPIRACY to DEPRIVE RIGHTS
in Violation of Title 18 U.S.C. §§ 1961-1968 (1970)
Racketeer Influenced and Corrupt Organizations ACT
(RICO) under Color of LAW (in violation of Title 21 USC §§ 959)

   All of the named defendants were either personally involved in conspiracy to deprive the rights of the plaintiff and the women of Tutwiler State Prison [1] by and through activities involving the sales and production [2] of illegal drugs i.e. crack cocain, methamphetamine (ICE), marihuana, alpha-methylfentanyl (fentanyl), Hashish oil and certain chemical compound - synthetic marihuana, or

i.

(2) Supervisors who either knew of such activity but deliberately disregarded the risk involved or should have known that such activity was present and creating a safety issue, esp. after "several" officers believed to have been under the control of Lieutenant T. Baldwin were caught smuggling-in drugs, nearly caught but refused strip search to avoid exposure and have been placed under investigation for and due to allegations of drug smuggling; and where a clear and present "active" drug abuse problem exists where inmates openly indulge in drug use, verbally and openly engage in physical fights and other acts of violence concerning either drugs or debt accumulated from the sales and trade of drugs and often convulse, seize (spasm) and/or pass out after overexposure or excessive use/abuse of drugs.

  The plaintiff swears under penalty of perjury that she has witnessed the distribution of drugs as well as the 'pack-dropping' of drugs by officers including Lieutenant Baldwin that was immediately retrieved by inmates who later worked for or sold/traded drugs. She also claims to have both fallen victim to drug abuse from drugs provided and distributed by officers - under the control of Lieutenant T. Baldwin, and have been forced to

help revive or bring life or strength back to women who have either passed-out or seize from over use and abuse of drugs - supplied and furnished by officers - believed to be under Lieutenant Baldwin's control.(3)

The plaintiff asserts that she has reported the drug problem and the fact that officers are responsible for the drug over-flow(4), but feared retaliation from the team of officers who are known to work with or for Lieutenant T. Baldwin, therefore chose to submit a verbal grievance to the third shift supervisor - Lieutenant Thornton who assured that he would take the issue further without risk to my physical self.

The plaintiff asserts that after she refused to "work for" the team-of-officers selling "paper"(5), she was targeted by Sergeant T. Brown who, while under orders of Lieutenant T. Baldwin, worked to engage in verbal abuse, threats of physical harm and belligerent profanatory verbal commands with degrading language and words such as "Bitch" and "whore" openly and extremely loud - and in the presence of Warden Wright.

The plaintiff, being a federal inmate awaiting release from state custody, asserts that she was

3.

housed in H-Dorm (mental health unit) after false allegations made by Lieutenant Q. Smith who is believed to be a ranking member of "the team" of officers who operate under the control of Lieutenant T. Baldwin thereby knows that with any resistance to the operation, the plaintiff could be seriously harmed.

Several inmates have died from smoking "paper" where the potency or strength of the toxic chemical proved to be too much or too powerful (6) yet the institution has ceased to conduct drug test to deter or discourage drug use or abuse which makes it reasonable to believe that the Alabama Department of Corrections by policy shows a deliberate indifference towards the massive drug abuse problem found in Alabama's prison. This leads one to believe that by actions or failure to act, Alabama Department of Corrections by condonation is guilty of negligence and liable by respondeat superior / master liability.

The plaintiff claims injury where after personal use, abuse and addiction, forced/coerced to work or sell for 'the team' and retalitory threats, verbal abuse and segregated housing with fear of impending danger; and seeks recovery and relief of both monetary damages and injunction.

4.

Monetary Award: The plaintiff requests that the jury determine what the plaintiff is entitled to with the following issue in mind:

a.) The plaintiff suffers a mental illness that with excessive stress and undue pressure cause psychological episodes that involve suicidal ideation, and

b.) The plaintiff suffers from Second degree Heart Block with symptoms that include chest pain and trouble breathing, but also suffers from High Blood pressure that with stress and undue pressure could become severe physical trauma.

Injunction: The plaintiff requests the following by injunctive order:

a.) Full investigation into allegations of officers investigated and/or fired for suspected "contraband" trafficking

b.) Full investigation into allegations of inmates openly and in plain view using/abusing, selling/trading, fighting/arguing-over illegal drugs and controlled substances

c.) Full investigation into allegations that Captain Coleman (suspected High Ranking member of "the Team" of officers) comes in on his off-day and on weekends to watch the camera to monitor the sales and use of drugs

but to deter outside drug dealers from selling drugs that do-not-belong to 'the team'.

d.) Full investigation into the fact that Alabama Department of Corrections' deliberate indifference towards drug use/abuse, drug related deaths and physical assaults that occur due to drug debts when by policy no drug test are conducted inspite of the known dangers of drug addiction and inspite of the rule and regulations that prohibit drug use and possession.

e.) Full investigation into the plaintiff's allegation that: "Lieutenant T. Baldwin has for years distributed drugs in the prison and has exchanged drugs for sexual favors in the old ice-room with women in prison."

Plaintiff is requesting and/or is willing to subject herself to an instrument that records physiological pulsations to detect lies - Polygraphic Verification of Truth-of-claims.

Submitted this 10th day of February, 2021

*Lyncetta Y. Cargill*
Address: U.S. Marshal's Service
EF # 19088-001 (Federal Prisoner)

Cargill, Quincetta   # 223349
Julia Tutwiler Prison for Women
8966 U. S. Highway 231
Wetumpka, AL 36092       PC9579

MONTGOMERY AL 360

16 FEB 2021 PM 3 L



UNITED STATES DISTRICT COURT
for the MIDDLE DISTRICT of ALABAMA
(NORTHERN DIVISION)

Frank M Johnson Jr.
U.S. Courthouse Complex
1 Church St.   STE B110
Montgomery, Alabama
                    36104

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

36104-401801